441 So.2d 403 (1983)
STATE of Louisiana
v.
Willie PETERS.
No. KA 0544.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1983.
*405 Harry F. Connick, Dist. Atty., Orleans Parish, John H. Craft, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Philip E. O'Neill, Gretna, for defendant-appellant.
Before BYRNES, GULOTTA and WARD, JJ.
BYRNES, Judge.
Defendant Willie Peters appeals his conviction on a charge of simple rape, a violation of L.A.R.S. 14:43, urging seven assignments of error. We find no merit in any of these assignments and affirm his conviction.

FACTS
The victim in this case is a 29 year old mentally retarded female who functions at a mental age of about six or seven. At approximately 7 P.M. on Feb. 17, 1982, the victim was found by her brother-in-law near some railroad tracks by her home. She had been missing for about an hour and a half. When she was found the victim was somewhat nervous and had scratches on her left elbow and knee and on her lower back. Her undergarments and sanitary napkin were hanging from a nearby tree.
Upon returning to a neighbors home the victim became more agitated and indicated that she had been raped. The police were summoned and the victim, accompanied by her mother and brother-in-law, was taken to headquarters where a photographic line-up was conducted. At this line-up the victim identified a picture of the defendant as the man who had raped her. On the basis of this identification the police obtained a warrant and arrested the defendant.
That same evening the victim was taken to Charity Hospital where a medical examination revealed evidence of trauma from the scratches on the victim's elbow and back, but no laceration within the genital area. The victim was menstruating at the time of the incident and as a result tests for seminal fluid and spermatazoa were negative.
At trial the officers who investigated the case testified the victim was emotionally upset but identified the defendant in the photographic line up. They also gave testimony concerning their investigation of the incident. The victim's mother and brother-in-law testified as to the sequence of events leading to the incident. The victim testified on her own behalf. Because of her mental condition the trial judge first allowed her to give testimony and then examined her outside the presence of the jury to determine her competency. After ruling that the victim was competent, the judge put her under oath so that her previous testimony would be sworn. A six man jury returned a unanimous verdict of guilty at the conclusion of the trial.

*406 ASSIGNMENT OF ERROR 1
Defendant's first assignment of error relates to statements made by the assistant district attorney during the voir dire examination. The statement complained of reads as follows:
After you are selected as jurors the only one you can ask question of is the judge. So therefore at this time we will speak to each other. This charge is simple rape. It is a simple rape because the victim in this matter is a mentally retarded girl. The law states that because of her condition, intercourse proven beyond a reasonable doubt to you, is a crime against her because she does not have the mental ability to reject
Following an objection by defense counsel the trial judge ruled as follows:
She's not testifying, counsel. I believe [she] is attempting to explain to the jury what law is involved. Of course, the jury must be instructed at this point that they will take their law only from the court, and not from counsel. Counsel may counsel on what they think the law is, but theif you are selected as jurors you are not to take your law from any place but the court at the conclusion of this trial, proceed.
The defense argues that this exchange prejudiced the jury against the defendant. We do not agree.
The trial judge is given wide discretion in ruling on the conduct of a voir dire examination and his ruling should not be disturbed unless there is an abuse of that discretion. State v. Straughter, 406 So.2d 221 (La.1981), State v. Sylvester, 388 So.2d 1155, 1158 (La.1980).
Counsel when questioning jurors, should not assume as true any facts that will obviously be in issue, as in the instant case when the Assistant District Attorney told the jury that the victim is retarded and that she did not have the mental capacity to consent to intercourse. While the Assistant District Attorney's comments before questioning jurors far exceeded permissible introductory remarks, we do not believe it was reversible error. Considering the voir dire as a whole, the jurors could only conclude that the statements made by the Assistant District Attorney were merely expressions of what she hoped to prove and not statements of established fact. Under these circumstances, we do not feel the trial judge's ruling constituted reversible error.

ASSIGNMENT OF ERROR 2
Defendant next objects to the photographs used in the line up in which the victim identified him. In State v. Stewart, 389 So.2d 1321 (La.1980), the Supreme Court set out five factors to be considered when evaluating the reliability of such an identification. These factors are:
1.) The opportunity of the witness to view the criminal at the time of the crime;
2.) The witnesse's degree of attention;
3.) The accuracy of the prior description;
4.) The level of certainty demonstrated at the confrontation;
5.) The time between the crime and the confrontation.
In this case the victim had ample opportunity to observe the defendant both before and during the commission of the crime. At the time of the line up she was very definite about her identification of the defendant. The identification occurred within hours of the commission of the crime. Moreover, there was no evidence presented to indicate that the line up was unduly suggestive or conducted in an improper manner. The officers who conducted the line up testified that the photos were arranged in two rows of three. The victim was instructed not to pay attention to how the photos were arranged but to concentrate on whether or not any of the photos were of her attacker. Under these circumstances we can see no error in the admission of these photographs.

ASSIGNMENT OF ERROR 3
In this assignment defendant contends that it was error to admit the perpetuated testimony of Dr. Tue Nguyen, the physician *407 who treated the victim at Charity Hospital on the night of the crime. Defendant argues that in the absence of a showing by the State that Dr. Nguyen was unavailable in spite of diligent efforts to obtain his presence the perpetuated testimony should not have been admitted. There is some merit to this contention.
The record reveals that the efforts made by the State to locate the Doctor fell far short of the diligent effort required by both Federal and State jurisprudence. Apparently two phone calls were the only efforts made by the State to locate Dr. Nguyen. When those calls produced no results the State made no further effort to locate him.
The right of a defendant to confront the witnesses against him is constitutionally guaranteed. The confrontation clauses of both the Federal and State constitution prohibit the introduction of transcribed testimony from a former proceeding unless the State proves that the witness is not available for trial despite good faith, diligent efforts to locate him. United States Constitution, Sixth Amendment; Louisiana Constitution of 1974, Art. 1. Section 17. State v. Robinson, 423 So.2d 1053 (La.1982). The purpose served by the confrontation requirements have been summarized as follows:
"Confrontation (1) insures that the witness will give his statements under oath-thus impressing him with seriousness of the matter and guarding against the lie by the possibility of a penalty for perjury; (2) forces the witness to submit to cross examination, the `greatest legal engine ever invented for the discovery of truth'; (3) permits the jury that is to decide the defendants fate to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility."
California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).
While we do not question the principle underlying the confrontation requirement or the importance of that right to our system of criminal justice, we feel that the unique circumstances of this case do not present reversible error.
Dr. Nguyen's testimony was so inconclusive that it has almost no probative value. The Doctor was unable to determine if any sexual activity had taken place, nor did he express an opinion as to how or where the scratches on the victim's elbow, knee and back had occurred. In fact, he testified that the scratches could have been caused by any number of things and could not say how they were incurred. He did not make an evaluation of the victim's mental capacity nor did he express an opinion as to the truth or the falsity of her statements concerning the incident.
Moreover, in arguing that the evidence was not sufficient to convict, defense counsel relies on Dr. Nguyen's testimony as showing that the victim was not raped. This reliance by the defense on the inconclusiveness of the Doctor's testimony reinforces our belief that the defendant was not prejudiced by its admission. We do not mean to imply that admission of perpetuated testimony is always harmless error. However, in the unique circumstances presented by this case we cannot see how the defendant was prejudiced by the admission of Dr. Nguyens testimony. Thus we conclude that this assignment of error is without merit.

ASSIGNMENT OF ERROR NO'S 5 & 6
These assignments both deal with what is essentially one issue: the competency of the victim to testify. Defendant objects first to the fact that the victim was not placed under oath before she testified. He then objects to the trial judge having held a competency hearing outside the presence of the jury, and to his conclusion that the victim was competent to testify.
As to the first objection we note that the victim in this case is in essence a child. While her physical age is 29 the evidence establishes that her mental age appears to be six or seven. In State v. Pace, 301 So.2d 323 (La.1974), the court held that a formal oath is not always a prerequisite to the receipt of testimony by young *408 children. Much discretion is left to the trial judge in such cases. The policy underlying the requirement that testimony be given under oath is to impress upon the witness the seriousness of the matter on which he is testifying. When dealing with a child or an individual such as the victim in this case the concept of an oath may be incomprehensible. However, an appreciation of what it is to lie and what consequences result from a lie serves the same purpose as an oath; to impress upon the witness the importance of telling the truth.
In this case the State conducted a lengthy examination of the victim in an attempt to establish that she knew the difference between the truth and a lie. Because of the victim's mental handicap it was difficult to establish her appreciation of these concepts. However, the trial judge, who himself questioned the victim and observed her demeanor, was satisfied that she knew the difference between the truth and a lie and would tell the truth. When asked if she had spoken the truth the victim replied affirmatively. Article 14(B) of the Louisiana Code of Criminal Procedure provides that:
"Every witness shall be sworn or affirmed to speak the truth and nothing but the truth."
We feel that the victim's responses to questions concerning the truth of her statements were sufficient to constitute an affirmation under this article. See State v. Pace, supra.
As to the defendant's contention that the trial judge erred by conducting a competency examination outside the presence of the jury, we note that such a determination is a question of law and not a factual matter which a jury must decide. La.-R.S. 15:469. A ruling by the trial judge that a person is competent to testify will not be disturbed in the absence of manifest error. State v. Arnaud, 412 So.2d 1013 (La.1982). The trial judge questioned the victim as did the assistant district attorney in charge of the case. While the victim's answers were not always responsive, we conclude that, taking her answers together, the trial judge was correct in ruling that she was competent to testify as to what had taken place on the night in question. Moreover, defense counsel did not attempt to cross examine the victim. While this may be a matter of trial strategy, the record shows that the defense did not demonstrate that the victim was incompetent to testify.
We conclude that it was not error for the trial judge to forego the administering an oath to the victim. We further conclude that he was correct in finding that she was competent to testify.

ASSIGNMENTS OF ERROR 7 & 8
By these assignments defendant argues that the evidence presented at trial was not sufficient to support a conviction. We disagree.
On appeal defendant argues that there was no medical or scientific evidence which would indicate that a rape took place. As discussed earlier, the testimony of the examining physician was inconclusive. The samples taken from the victim on the night of the rape proved to be negative. However, the lab technician who conducted these tests testified that such a result was not unusual in females such as the victim, who were menstruating at the time the samples were taken.
The defendant further argues that he was falsely identified by the victim's use of the name Ronnie. It appears from the record that the victim uses the name Ronnie as a trade name for men in general. Counsel for defendant attaches great significance to this fact and argues that the defendant has therefore not been identified. We do not agree. On the night of the incident the victim clearly identified the defendant in a photographic line up. See the discussion under assignment of error # 2 above.
Defendant next argues that because the victim was found competent to testify she was also capable of understanding the nature of the sexual act and therefore one of the essential elements of the crime of simple rape was not established. This argument is totally without *409 merit. La.-R.S. 14:43 defines simple rape and reads in pertinent part:
Simple rape is a rape committed where the anal or vaginal sexual intercourse is deemed to be without the lawful consent of the victim because it is committed under one or more of the following circumstances:... (2) Where the victim is incapable, through unsoundness of mind, whether temporary or permanent, of understanding the nature of the act; and the offender knew or should have known of the victim's incapacity; or ...
It seems beyond question that competency to testify is not the same as the capacity to understand the nature of the sexual act. There is a vast difference between understanding the distinction between the truth and a lie and understanding the nature and consequences of a sexual assault.
The lack of medical evidence of rape is not dispositive of the question of sufficiency of evidence. La.R.S. 14:41 defines the crime of rape and states that any sexual penetration, however slight, is sufficient to complete the crime. In this case the evidence of penetration consisted entirely of the testimony of the victim. The record reveals the victim testified that her attacker "Put thing in me" (indicating her vagina) and that she told him "I want go home" while he was "Sticking me right in here". The jury apparently found this testimony to be credible since a unanimous verdict of guilty was returned.
In reviewing the record for sufficiency of evidence this court views the evidence in the light most favorable to the prosecution to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We have concluded that the evidence presented was sufficient to allow a rational trier of fact to find the essential elements of the crime as charged.
For the foregoing reasons the defendant's conviction is affirmed.
AFFIRMED.