516 So.2d 1159 (1987)
STATE of Louisiana
v.
Douglas BURLESON.
No. KA 7110.
Court of Appeal of Louisiana, Fourth Circuit.
November 17, 1987.
As Corrected on Denial of Rehearing January 14, 1988.
*1160 William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Terry M. Boudreaux, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before SCHOTT, KLEES and WILLIAMS, JJ.
SCHOTT, Judge.
Defendant was convicted by a jury of two counts of sexual battery in violation of LSA-R.S. 14:43.1. He was sentenced to five years at hard labor on each count with the sentences to run concurrently.
*1161 The two victims were middle aged male residents of a home for the mentally retarded. Defendant was employed in the home as an assistant manager. The state's evidence established that defendant took the victims and three other residents of the home to his French Quarter apartment where he showed the men sexually explicit photographs and magazines and forced them to submit to sexual assaults. The next day the victims complained to a worker at the home and the police were notified. Medical examinations of the men indicated the probability of sexual abuse. The police obtained a search warrant pursuant to which they seized a large collection of pornographic material and objects designed for unnatural sexual stimulation. Pursuant to a second search warrant they seized three belts.
We have examined the record for errors patent and find none.
By his first assignment of error defendant claims the search warrant was defective because the officer failed to indicate the source of his information in the affidavit. At the hearing on the motion to suppress the officer testified that his information was obtained from the victims in his initial interview of them. We are authorized to rectify the omission in the search warrant by supplying the missing information and to retest the affidavit for probable cause. State v. Morris, 444 So.2d 1200 (La.1984).
The affidavit is more than sufficient to meet the "totality of circumstances" test prescribed by Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). A reading of the testimony taken at the second hearing on the motion to suppress makes it clear that the officer simply made a mistake when he recited only that he "received information" and failed to state that it came from the two retarded victims. The information was known to several individuals involved in the management of the home, it was no secret that the police were questioning the victims, and the obvious source of the information was their statements.
Under this assignment defendant also complains that the court after conducting a hearing on the motion to suppress on December 14, 1984 and taking the motion under advisement reopened the case on January 18, 1985 and took additional testimony. From both hearings the inescapable conclusion is that no one was in bad faith here and at worst a simple error occurred in the omission of the source. Defendant has failed to show how he was prejudiced and we find no prejudice. This assignment lacks merit.
By his second assignment defendant argues that the trial judge erred in conducting a hearing in the jury's presence on the competency of the victims to testify. Although this issue is not properly before us because of the failure of defense counsel to make a contemporaneous objection, expediency leads us to consider the issue. The victims in the case, although in their forties, had mental ages of between six and ten years. The test of their competancy is the same as for a child. State v. Peters, 441 So.2d 403 (La.App. 4th Cir.1983). Understanding, not age, determines whether a person is competent to testify. R.S. 15:461, 469. Upon objection for competency, a child under twelve years of age may not testify until the court is satisfied, after examination, that the child has sufficient understanding to testify. R.S. 15:469. Since competancy is for the judge to decide the competency hearing is arguably more properly conducted outside the presence of the jury. However neither statute nor case law requires this.
Defendant argues that the conduct of the hearing in the jury's presence prejudiced him because the judge's ultimate decision that the witnesses were competent caused the jurors to accept the witnesses as credible and was an indirect comment by the judge on the facts of the case in violation of C.Cr.P. art. 772.
From our review of the questioning by the judge of the two victims we are satisfied that no prejudice resulted. He asked them some innocuous questions about their appreciation of the difference between telling the truth and telling lies and their *1162 understanding of the consequences of lying. These short colloquies did not cause the jurors to believe these victims. Rather it was the victims straightforward, piteous testimony about the shocking things defendant did to them that caused the jury to believe them. This assignment is meritless.
By his third assignment defendant contends the trial judge erred in declaring the two victims and a third retardate as competent to testify. The judge's determination of competency is entitled to great weight on appeal, State v. Edwards, 420 So.2d 663 (La.1982); and he is vested with much discretion in making the determination. State v. Peters, supra. As to the victims the record amply supports the judge's determination that they were competent witnesses. They knew exactly what it meant to tell the truth and the moral and legal consequences of lying on the witness stand and they demonstrated their ability to understand questions and to provide answers which were responsive and intelligent.
Defendant's argument as to the competency of the witness, Garrett, has merit as an academic proposition, but as will appear from the discussion on defendant's fourth assignment, has no practical effect on the case. Defendant's third assignment has no merit.
By his fourth assignment defendant claims a violation of his constitutional right to confront and cross examine a state witness, Edmond Garrett. He was placed on the witness stand at the end of the first trial day. He was a resident in the house with the victims and was declared competent to testify after a brief examination by the judge. However, questioning had scarcely begun when it became obvious that he was unable to testify apparently because he was under the influence of drugs. The judge recessed the case until the following morning with the understanding that Garrett would return to the stand. He did not return and defendant objected for being deprived of his right to cross examine Garretts.
Defendant's point is valid in principle but has no merit under the circumstances. Garrett had given only some introductory testimony and stated he went to defendant's home with the group, a point not in dispute. But he did testify that the defendant took James, one of the victims, to the bathroom and he heard James "hollering" at which point he was removed from the stand because of his condition. We cannot conceive of this scant and simple testimony being discredited on cross examination. Furthermore, both of the victims had testified in detail concerning defendants conduct with them in the bathroom. Garrett's testimony about the "hollering" was cumulative and defendant's inability to cross examine him constituted harmless error.
Defendant filed a number of pro se assignments which are addressed in an unpublished appendix to this opinion. None of these have merit. Accordingly, the conviction and sentence are affirmed.
AFFIRMED