Edwin THOMPSON, Plaintiff–Appellant,

v.

STATE OF MISSISSIPPI,
Defendant–Appellee.

No. 89–4064.

United States Court of Appeals,
Fifth Circuit.

Oct. 18, 1990.

Rehearing and Rehearing En Banc
Denied Nov. 28, 1990.

Julie Epps, Rienzi, Miss., Court–Appointed, for plaintiff-appellant.

Edwin Thompson, Parchman, Miss., pro se.

Marvin L. White Jr., JoAnne M. McLeod, Asst. Attys. Gen., Donald G. Barlow, Sp. Asst. Atty. Gen., Jackson, Miss., for defendant-appellee.

Before JONES, DUHÉ and WIENER, Circuit Judges.

DUHÉ, Circuit Judge.

Petitioner seeks reversal of the district court's order dismissing his habeas corpus petition in which he alleged he was denied

his Sixth Amendment right to counsel, his right to due process, and a fair trial. Finding no error, we affirm.

## FACTS AND PROCEEDINGS BELOW

Busby was the victim of an armed robbery at his drug store in Mississippi. Petitioner Thompson, and another individual, were indicted for the robbery and arrested. Following Thompson's arraignment and appointment of counsel Busby entered the George County Jail detention area and viewed Thompson sitting alone in a cell. Entry to the cell area was permitted by the Sheriff's Department dispatcher. Before trial Thompson's counsel moved to prohibit Busby from identifying Thompson at trial because of the jail incident. Busby testified that he had, however, made an earlier identification of Thompson from photographs shown to him a week after the robbery. The trial court denied the motion. Also denied were petitioner's pretrial motions for change of venue and a continuance to allow him to secure out of state alibi witnesses. Thompson put on no evidence, was convicted by a jury, and sentenced to life imprisonment. Thompson appealed his conviction to the Mississippi Supreme Court which denied relief. He then sought federal habeas relief. The magistrate recommended dismissal. The district court considered Thompson's objections and the record and adopted the Magistrate's Report and Recommendation. We granted a certificate of probable cause for appeal.

## STATE ACTION

■ ' The state trial court made findings of fact which were later approved by the Mississippi Supreme Court on direct appeal.

483 So.2d 690 (1986). These findings establish that although Busby visited the cell block area, his visit was not authorized, arranged, or requested by the Sheriff's Department.[1] We, like the district court, must accord those findings a presumption of correctness pursuant to 28 U.S.C. § 2254(d).[2] *See, Cabana v. Bullock,* 474 U.S. 376, 106 S.Ct. 689, 88 L.Ed.2d 704 (1986). Though we echo the Mississippi Supreme Court's sentiments regarding the lamentable laxity attendant to the jail encounter we must also agree with its determination that the incident did not rise to the level of state action. Without a sufficient connection between the sheriff's office and Busby's conduct in viewing Thompson we cannot attribute that conduct to the state.

Thompson, citing *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, claims benefit of the rule that post-indictment pretrial lineups are critical stages of criminal prosecution at which an accused is entitled to counsel. He argues that had the state engineered this meeting his right would have been violated. However, here there was no evidence of any state action, let alone deliberate state action. Recognizing this, petitioner then asserts that where the state negligently allows an improper showup the accused's right to counsel is violated. Such a holding, however, would require that state action be present. As addressed previously, we do not view the circumstances leading to the jailhouse confrontation sufficient to constitute state action.[3]

1. Among the facts specifically established were: (1) Busby was a frequent visitor to the jail and was often allowed into the cell block; (2) it was not shown that an official of the Sheriff's Department summoned Busby to the jail; (3) the radio operator who permitted Busby access to the cell area did not know he was going to see Thompson.

2. Section 2254(d) provides that "a determination after a hearing on the merits of a factual issue, made by a state court of competent jurisdiction ... [and] evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct"

unless an applicant for a federal writ of habeas corpus can establish one of the enumerated causes for exception.

3. In *United States v. Thevis,* 665 F.2d 616 (5th Cir.1982) we held that the Sixth Amendment right to counsel at post-indictment showups was not triggered in cases of inadvertent confrontations. In that case the encounter between the accused and the victim was a chance one that took place in the hallway of the courthouse before trial. There we could not consider an encounter in a federal courthouse brought about indirectly through the expected attendance of individuals at a court proceeding suffi-

■ "Finding no Sixth Amendment violation, however, does not end the inquiry. ...[A] court must scrutinize any pretrial confrontation for possible due process violations." *United States v. Thevis*, 665 F.2d 616, 643 (5th Cir.1982) (citing *Kirby v. Illinois*, 406 U.S. 682, 690–91, 92 S.Ct. 1877, 1882–83, 32 L.Ed.2d 411 (1972). We conclude that the jail cell confrontation was not impermissively suggestive, and did not create a substantial risk of misidentification. Furthermore, the evidence [4] viewed by the state courts establishes that Busby's observation of the petitioner during the crime was sufficient to assure the reliability of his in-court identification.

## CONTINUANCE

■ Thompson argues that he was deprived of his constitutional right of due process of law when the trial judge refused to grant a continuance to allow defense counsel to attempt to secure out of state witnesses. The decision to grant or deny a continuance is normally within the discretion of the trial judge. This rule "is grounded in precedent, tradition and common sense." *Shirley v. North Carolina*, 528 F.2d 819, 822 (5th Cir.1975). We will reverse only for a clear abuse of discretion and prejudice. *United States v. Satterfield*, 644 F.2d 1092, 1095 (5th Cir.1981); *United States v. Walker*, 621 F.2d 163, 168 (5th Cir.1980). Thompson argues that he could secure two witnesses who would testify to living and working with him during the month surrounding the robbery. However, over five months had passed since Thompson's arrest and the likelihood of his obtaining the sought witnesses was far from clear.

cient to constitute state action. For similar reasons here, we cannot consider an encounter in a county jail owing to the acts of a private individual sufficient to constitute state action.

**4.** The Mississippi Supreme Court specifically noted that Busby had a clear direct view of the robber at the time of the crime for almost one minute. That court also noted that Busby did identify Thompson from police photographs prior to the confrontation, and was quite positive of his in-court identification of Thompson. *See Manson v. Brathwaite*, 432 U.S. 98 at 114, 97

Petitioner cites *Singleton v. Lefkowitz*, 583 F.2d 618 (2nd Cir.1978) and *Shirley v. North Carolina*, 528 F.2d 819 (4th Cir. 1975) for the proposition that denial of a continuance can result in an abuse of discretion of constitutional dimension. However, these cases are distinguishable in that they both involved instances where the government contributed to the unavailability of the witnesses.[5] That is not the case here.

## RIGHT TO FAIR TRIAL

■ Thompson argues that his motion for a change of venue should have been granted because the trial court was unable to impanel an impartial jury due to an inflamed community atmosphere. *Sheppard v. Maxwell*, 384 U.S. 333, 362–63, 86 S.Ct. 1507, 1522, 16 L.Ed.2d 600 (1966). "The trial court is necessarily the first and best judge of community sentiment and the indifference of the prospective juror. Appellate courts, especially in a collateral attack, will interfere only on a showing of manifest probability of prejudice." *Bishop v. Wainwright*, 511 F.2d 664, 666 (5th Cir. 1975). *See, Irvin v. Dowd*, 366 U.S. 717, 723–24, 81 S.Ct. 1639, 1642–43, 6 L.Ed.2d 751 (1961).

Thompson argues that he was prejudiced by being tried in George County because: (1) the type of crime, an armed robbery for drugs, rarely occurred there, and (2) the victim was a respected citizen in the community. The record supports petitioner's claim that the prosecutor's argument at trial implored the jury to find Thompson guilty to deter similar crimes from happening again in the county. However, while such an argument tends to appeal to community sentiment, it falls short of demonstrating prejudice to the petitioner. We

S.Ct. 2243 at 2253, 53 L.Ed.2d 140 (1977) (which lists these factors, amongst others, as setting the guidelines for judging the effect of an improperly suggestive showup).

**5.** In *Singleton v. Lefkowitz*, 583 F.2d 618, the state improperly released a witness from custody after his arrest pursuant to a material witness order. In *Shirley v. North Carolina*, 528 F.2d 819, the state delayed trial by sixteen months, during which the defendant was unable under local procedure to subpoena witnesses.

find nothing in the record to indicate that as a result of pretrial publicity or an inflamed community atmosphere, there was any prejudice or likelihood of prejudice to the right to a fundamentally fair trial.

Accordingly, we

AFFIRM.