Robert LEICHMAN,
Petitioner–Appellant,

v.

SECRETARY, LOUISIANA DEPARTMENT OF CORRECTIONS,
Respondent–Appellee.

No. 90–4844
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 23, 1991.

Robert Leichman, Angola, La., for petitioner-appellant.

John L. Sheehan, Asst. Dist. Atty., Ruston, La., for respondent-appellee.

Before JONES, DUHÉ, and WIENER, Circuit Judges.

PER CURIAM:

Appellant is a state prisoner serving a life sentence for murder. He was indicted on two counts, and convicted on one. Following this conviction, he plead guilty to the other. He files this petition under 28 U.S.C. § 2254 alleging that he was denied a fair and impartial trial in violation of his rights under the sixth and fourteenth amendments. He claims that the district court erred in refusing to strike a particular juror and in denying his motion for change of venue. Furthermore, he contends that the Louisiana law applicable at the time of his 1973 indictment and trial systematically excluded women from jury service, thereby impairing his constitutional rights. He does not challenge his conviction stemming from his guilty plea.

1. State Trial Record, pp. 328–329, 330–333.

The matter was referred to a magistrate who recommended that the district court deny appellant all relief. Over objection, and after *de novo* review of the record, the district court accepted the magistrate's Report and Recommendation and denied relief. This appeal followed. We find that the district court erred on the systematic juror exclusion issue, and decided correctly the other issues.

## DISCUSSION

Appellant argues that the district court erred in refusing to strike juror Rockett because that juror "never did inform the trial judge that he could remove from his mind his previously mentioned opinion concerning the case." The record simply does not support that contention and, in fact, shows the opposite.[1] The state trial judge allowed defense counsel and the prosecutor to thoroughly question the juror. Afterward, the judge questioned the juror himself. Being fully satisfied with the responses, he overruled the challenge.

The state appellate court specifically considered and found no error in this decision. *State v. Leichman,* 286 So.2d 649, 653 (La. 1973), *cert. denied,* 420 U.S. 907, 95 S.Ct. 824, 42 L.Ed.2d 836 (1975). It found that Mr. Rockett "would accept the instructions of the court and render an impartial verdict in accordance with the law and the evidence." *Leichman,* 286 So.2d at 653. This factual finding is entitled to a presumption of correctness. 28 U.S.C. § 2254(d); *Sumner v. Mata,* 449 U.S. 539, 545–47, 101 S.Ct. 764, 768–69, 66 L.Ed.2d 722 (1981).

Next, appellant asserts that the record as a whole does not fairly support the trial judge's decision to deny the change of venue and contends that the voir dire proceedings demonstrate that "there was pervasive, inherently prejudicial pretrial publicity in Union Parish surrounding the crime ...". We recognize that the trial court is " 'the first and best judge of community sentiment and the indifference of the prospective juror. Appellate courts, es-

pecially in a collateral attack, will interfere only on a showing of manifest probability of prejudice.'" *Thompson v. Mississippi,* 914 F.2d 736, 739 (5th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1083, 112 L.Ed.2d 1187 (1991) (quoting *Bishop v. Wainwright,* 511 F.2d 664, 666 (5th Cir. 1975), *cert. denied,* 425 U.S. 980, 96 S.Ct. 2186, 48 L.Ed.2d 806 (1976)). The state trial court held an extensive pretrial hearing on the motion to change venue and took testimony from numerous witnesses including the publishers of the local newspapers, law enforcement personnel, and the defendant's daughter. We have reviewed those proceedings and find therein no "manifest probability of prejudice."

█ Prior to his trial, appellant unsuccessfully moved to quash his indictment on the basis that the jury selection system was unconstitutional because of its systematic exclusion of women and blacks. Following an evidentiary hearing, the trial judge denied the motion. The appellant's evidence demonstrated that even though the 1970 census showed that 53 percent of the residents of the parish were women, women were not included on the jury lists from which grand and petit juries were selected. Thus, as had been done in *Taylor v. Louisiana,* 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), the appellant demonstrated that the Louisiana jury system operated to systematically exclude women from jury service.

The district court, relying on *Hoyt v. Florida,* 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961), concluded that appellant's claim lacked merit. However, unlike the sixth amendment challenge raised by Leichman, the petitioner in *Hoyt* presented only *fourteenth amendment* due process and equal protection challenges to the Florida system of selecting juries. Accordingly, the district court's reliance on *Hoyt* was misplaced.[2]

Instead, this case is controlled by *Taylor* and its progeny. In *Taylor,* the United States Supreme Court held that the Louisiana jury selection system about which the appellant now complains violated the sixth and fourteenth amendment guarantees to an impartial jury drawn from a fair cross-section of the community. *Taylor,* 419 U.S. at 525, 95 S.Ct. at 695. Subsequently, the Court limited the scope of *Taylor* when it held that ruling was entitled to prospective application only. *Daniel v. Louisiana,* 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975).

The law regarding retroactivity changed drastically when the court decided *Griffith v. Kentucky,* 479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) and *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Under *Teague,* controlling authority in the habeas context, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." *Id.* at 310, 109 S.Ct. at 1075. Because Leichman's conviction did not become final until six days after *Taylor* was decided,[3] he is entitled to the benefit of the *Taylor* decision. Accordingly, we vacate the judgment of the district court, and remand for further proceedings consistent with *Taylor.*

VACATED and REMANDED.

---

**2.** The high Court in *Taylor* specifically distinguished *Hoyt* on that basis, noting that *Hoyt* "did not involve a defendant's Sixth Amendment right to a jury drawn from a fair cross-section of the community and the prospect of depriving [the defendant] of that right if women as a class

are systematically excluded." *Taylor,* 419 U.S. at 534, 95 S.Ct. at 699.

**3.** Leichman's conviction is considered final on the date the Supreme Court denies his petition for certiorari. *Penry v. Lynaugh,* 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989).