643 So.2d 313 (1994)
STATE of Louisiana, Appellee,
v.
Willie Charles PLATER, Appellant.
No. 26252-KA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 1994.
*315 Daryl Gold, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Paul J. Carmouche, Dist. Atty., Hugo A. Holland and Catherine M. Estopinal, Asst. Dist. Attys., Shreveport, for appellee.
Before HIGHTOWER and VICTORY, JJ., and PRICE, J. Pro Tem.
HIGHTOWER, Judge.
On September 20, 1992, as Steven Potter unloaded trash from his vehicle parked near a dumpster in Caddo Parish, he sustained a gunshot wound to the back of the head and died. Two days later, authorities arrested a teenager driving the victim's automobile. Subsequent investigation resulted in defendant, Willie Charles Plater, Jr., and another individual also being taken into custody.
In response to an indictment for first degree murder, a unanimous jury convicted Plater of second degree murder. Thereafter, the trial court ordered defendant incarcerated for a mandatory term of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. He now appeals, relying on fourteen of his originally designated twenty-six assignments of error. We affirm.

ABANDONED ASSIGNMENTS OF ERROR
Defendant failed to brief or argue twelve of his reserved assignments of error. These contentions, including assertions that the evidence did not support the conviction and that the mandatory penalty for second degree murder is unconstitutional, are thus considered abandoned. URCA Rule 2-12.4; State v. Schwartz, 354 So.2d 1332 (La.1978); State v. Kotwitz, 549 So.2d 351 (La.App.2d Cir.1989), writ denied, 558 So.2d 1123 (La. 1990).

CHANGE OF VENUE
Arguing that pretrial publicity and notoriety of the case precluded a fair trial in Caddo Parish, Plater moved to change venue several months before trial and then reurged that position at the end of jury selection. The trial judge, reserving decision until after voir dire, denied the motion upon concluding that prejudice did not exist in the community. As his first and nineteenth assignments, defendant asserts that this ruling constituted error. We disagree.
A change of venue shall be granted when a defendant proves that, by reason of prejudice existing in the public mind, or for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending. LSA-C.Cr.P. Art. 622. The requisite proof, however, demands more than a mere showing of public knowledge of the facts surrounding the offense. State v. Griffin, 618 So.2d 680 (La.App.2d Cir.1993), writ denied, 625 So.2d 1063 (La. 1993), and authorities cited therein. The defendant who seeks a change of venue must prove the existence of such prejudice in the community's collective mind that a fair trial is impossible. Id. In granting or denying such a motion, the district judge has great discretion. Id.; State v. Henderson, 566 So.2d 1098 (La.App.2d Cir.1990). A reviewing court, nevertheless, may make an independent evaluation of the facts to determine whether the accused received a trial free and unfettered by outside influences. Id.
In support of his motion, Plater introduced nineteen newspaper items. Most of these contained only factual accounts of the murder investigation as disclosed by members of the sheriff's department. Additionally, defendant presented the victim's obituary, a memorial commentary, and an article about teenage violence. Of five letters to the editor, four called for severe punishment of the perpetrators. Defendant's name, nonetheless, could be found only in factual stories about the investigation and arrest. Further, the sole allusion to Plater's character appeared in an interview where the mothers of the three accused individuals pled for fair treatment of their sons. This piece also noted that none of the charged trio had a prior criminal record. Save one report, all of the publications occurred near the time of the homicide, approximately one year prior to trial.
While veniremembers had heard of the incident, only seven possessed more than limited *316 knowledge. And, of those, only three had followed the case closely. Fifteen of the twenty-seven successful cause challenges stemmed from prospective jurors' feelings about the death penalty; only seven resulted from a preconception about Plater's guilt. Admittedly, the simple fact that a court succeeds in empaneling a jury does not necessarily mean that the defendant has no grounds for a change of venue. See LSA-C.Cr.P. Art. 622, Official Revision Comment (b). Nevertheless, in the present matter, review of the voir dire reveals that the questioned jurors' familiarity with the case was moderate, at most, and that they generally denied that publicity affected in any way their ability to answer and judge fairly.
Clearly, Plater's showing did not establish prejudice requiring a change in venue, nor did the trial court err in denying his motion. See and compare, State v. Comeaux, 514 So.2d 84 (La.1987); State v. Brown, 496 So.2d 261 (La.1986). These two assignments lack merit.

RESTRAINTS DURING TRIAL
In his second and fourth assignments, defendant contends the trial court erred both in requiring him to wear leg shackles during trial and in denying a motion for mistrial when prospective jurors had an opportunity to view those restraints.
When prejudicial conduct inside or outside the courtroom makes it impossible for a defendant to obtain a fair trial, a mistrial shall be granted upon his motion. LSA-C.Cr.P. Art. 775. However, the determination as to whether that provision controls is within the sound discretion of the trial judge, and the denial of a motion for mistrial will not be disturbed on appeal absent an abuse of that discretion. State v. Walker, 26,026 (La.App. 2d Cir. 05/04/94), 637 So.2d 583; State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir.1992), writ denied, 617 So.2d 905 (La. 1993). Mistrial, a drastic measure, should be ordered only where the prejudice suffered by the defendant has been so substantial as to deprive him of any reasonable expectation of a fair trial. Id.
Absent exceptional circumstances, a defendant before the court should not be shackled, handcuffed, or garbed in any manner destructive of the presumption of his innocence or detrimental to the dignity and impartiality of the judicial proceedings. State v. Stephens, 412 So.2d 1057 (La.1982); State v. Jeffers, 623 So.2d 882 (La.App. 2d Cir.1993); State v. Calhoun, 554 So.2d 127 (La.App. 2d Cir.1989), writ denied, 558 So.2d 601 (La.1990). Even so, for a finding of reversible error, the record must show an abuse of the trial court's reasonable discretion resulting in clear prejudice to the accused. State v. Jeffers, supra; State v. Calhoun, supra.
We agree that the record discloses no reason for having Plater bound during trial. In that respect, the district judge erred. Nonetheless, the lower court observed that defendant's leg shackles could not be seen if he kept his feet under the table. Although defense counsel speculates that the manacles might have been noticed as veniremembers approached the bench seeking to be excused from jury service, the record contains no showing to that effect, nor any evidence that exposure of that sort prejudiced the jurors. Instead, on voir dire, those selected for the panel stated an ability to presume Plater's innocence. Hence, the trial court appropriately denied the motion for mistrial. These two assignments do not present reversible error.

JUROR CHALLENGES
Defendant argues that the lower court erred in its rulings on challenges for cause directed at five prospective jurors, viz., Arthur Sisson, Joan Lee Anzola, Jerry Morr, John S. Cryer, and Kenneth Dean Washington (assignments of error Nos. 5, 6, 7, 14, & 15).
To establish reversible error anent the denial of a challenge for cause, an accused need not only demonstrate an erroneous ruling, but also that he, as occurred here, exhausted his peremptory challenges before completion of the jury panel. LSA-C.Cr.P. Art. 800, Official Revision Comment (a); State v. Lee, 93-2810 (La. 05/23/94), 637 So.2d 102; State v. Scriber, 605 So.2d 661 *317 (La.App.2d Cir.1992). The trial court is vested with broad discretion in ruling on a challenge for cause, and its decision will not be disturbed on appeal absent a showing of abuse of that discretion. State v. Lee, supra; State v. Scriber, supra; State v. Johnson, 595 So.2d 789 (La.App.2d Cir.1992).
The court's refusal to excuse for cause is not an abuse of discretion, notwithstanding that a juror has voiced an opinion seemingly prejudicial to the defense, where subsequent inquiry or instruction demonstrates the juror's willingness or ability to decide the case impartially according to the law and the evidence. State v. Widenhouse, 582 So.2d 1374 (La.App.2d Cir.1991), writ denied, 586 So.2d 567 (La.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1274, 117 L.Ed.2d 500 (1992), and authorities cited therein. Indeed, if a prospective juror is able, after examination by counsel, to declare to the court's reasonable satisfaction that he can render an impartial verdict according to the law and the evidence, it is the trial judge's duty to deny the challenge for cause. Id.

Arthur Sisson
On voir dire, Authur Sisson acknowledged being enraged when he first learned of the homicide. Additionally, he disclosed that one of his work supervisors lived in the area of town where the murder occurred, and that the venireman's wife knew acquaintances of the deceased's family. Nonetheless, Sisson stated he could impartially decide defendant's innocence or guilt based solely upon the evidence presented. Contact or even employment with friends of the victim, or persons living in the same area as the victim, without more, does not demonstrate an unfitness to serve as a juror. See State v. Mills, 505 So.2d 933, 945 (La.App. 2d Cir.1987), writ denied, 508 So.2d 65 (La.1987). We find no error in the trial judge's denial of this cause challenge.

Joan Lee Anzola
Defendant complains that Joan Lee Anzola never unequivocally said she could apply the presumption of innocence. However, the totality of her voir dire examination reveals that, after the trial judge carefully explained that concept, she stated she understood and could not decide defendant's guilt without benefit of the evidence. Also, despite initial confusion about the precept, she later expressly recognized that the indictment created no adverse inference at trial. This assignment reflects no abuse of discretion. Cf. State v. Widenhouse, supra.

Jerry Morr
Defense counsel bombarded Jerry Morr with a string of hypothets regarding the culpability of principals to first degree murder. Initially, this prospective juror fully grasped each of the illustrations; however, he eventually displayed an understandable degree of confusion. Yet, when the court provided further explanation, Morr accepted that clarification and stated his ability to apply the relevant standards. Despite the correct denial of an ensuing challenge for cause, defendant chose not to exercise his then-remaining one peremptory challenge and, instead, accepted the juror. Where a venireman is able to follow the judge's instructions of law, the rejection of such a challenge does not constitute an abuse of discretion. Cf. State v. Copeland, 530 So.2d 526 (La.1988), cert. denied, 489 U.S. 1091, 109 S.Ct. 1558, 103 L.Ed.2d 860 (1989).

John S. Cryer
Plater argues that John S. Cryer should have been excused due to his predisposition toward the death penalty. This prospective juror, however, stated that his feelings in this regard did not preclude his consideration of life imprisonment as a possible penalty. He also explained that he would weigh any mitigating factors proven but could not then predict how these would affect his vote. Thus, the trial court did not abuse its discretion by denying this cause challenge. See State v. Bourque, 622 So.2d 198 (La.1993).

Kenneth Dean Washington
The trial court granted a state challenge for cause predicated upon Kenneth Dean Washington's attitude and conscientious *318 scruples about the death penalty. Nevertheless, noting that the prosecution utilized only five of its twelve peremptory challenges, we do not reach the merits of defendant's contention. An accused cannot complain about the erroneous granting of a challenge for cause, unless the ruling affords the state more peremptory challenges than it is entitled to by law. LSA-C.Cr.P. Art. 800(B); State v. Johnson, supra.

MOTION FOR MISTRIAL
In his thirteenth assignment, defendant complains that the trial court denied his motion for mistrial based upon one prospective juror, Abbey Averett, informing two other veniremembers of her friendship with the victim's wife. Both of these individuals had already been excused for cause, and Averett did not discuss the facts of the crime.
The granting of a mistrial, a drastic remedy as previously discussed, requires more than the possibility that prospective jurors heard one of their number report such a relationship. Plater not only failed to demonstrate how many other panel members overheard the comments in question, but also made no showing of substantial prejudice that would deprive him of a fair trial. This assignment of error lacks merit.

HYPOTHETICAL QUESTIONS ON VOIR DIRE
In his eighteenth assignment, Plater correctly notes that it is error to limit defense counsel during voir dire to asking only whether a potential juror can follow the law as given. See State v. Hall, 616 So.2d 664 (La.1993). Even so, defendant has not identified any specific instances of such restrictions within the record before us. Indeed, our review discloses no prejudicial interference by the trial judge, notwithstanding the attorney's extensive and confusing queries concerning the law of principals. This assignment is meritless.

TESTIMONY BY VICTIM'S WIFE
As its first witness, the prosecution called the wife of the murder victim. Before she even took the stand, defendant leveled a relevancy objection asserting that the only possible purpose of her testimony would be to create sympathy in the minds of the jurors. The court overruled the objection and denied a subsequent mistrial motion grounded in the same contention. As his twentieth and twenty-first assignments of error, Plater now complains of both rulings.
Evidence is relevant if tending to show any fact of consequence to the determination of the action. LSA-C.E. Art. 401. However, if its probative value is substantially outweighed by the danger of unfair prejudice, evidence may be excluded. LSA-C.E. Art. 403. A trial judge is vested with wide discretion in determining relevancy, and his ruling will not be disturbed on appeal in the absence of abuse. State v. Jackson, 629 So.2d 1374 (La.App.2d Cir.1993).
Only Mrs. Potter could establish the victim's presence, near the time of the homicide, at the same dumpster where Plater admitted concurrently participating in an armed robbery. Thus, her testimony served as the basis for the state's theory that her husband had been killed at that location, dragged to his car, and his body later abandoned at another site. Further, this witness explained how the crime investigation began and, also, identified the clothing found in the trunk of the stolen car as not belonging to her spouse.
Although the witness may have cried on the stand[1] and related, without contemporaneous objection, how her children waited for their father to return and tuck them into bed, we do not view these supposed prejudicial facets as outweighing the probative value of her testimony. Thus, the lower court correctly overruled the objection and denied the motion for mistrial. Cf. State v. Worthen, 550 So.2d 399 (La.App. 3d Cir.1989). Moreover, defendant did not request that the trial judge admonish the jury to disregard the references to the children or the alleged emotional display.

*319 ERRORS PATENT
We have examined the record for errors patent and found none.

CONCLUSION
Accordingly, for the foregoing reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] At trial, the defense counsel requested that the audio tape of Mrs. Potter's testimony be preserved for examination by this court. Later, however, he failed to designate that item as part of the appellate record. See LSA-C.Cr.P. Art. 914.1.