h HIGHTOWER, Judge.
Responding to a call on April 8, 1973, Union Parish law enforcement personnel found Robert Leichman, Jr., armed with a shotgun, at his estranged wife’s apartment. When the officers requested that he surrender his weapon, Leichman shot Deputy Jesse Neal, Jr. While others attempted to guide the wounded man to safety, defendant continued to fire. Upon reaching Neal again, Leichman pulled him from a patrol car and brutally beat his head with a pistol until he died. Although a jury found Leichman guilty of murder, LSA-R.S. 14:30 (1973), and the Louisiana Supreme Court affirmed at 286 So.2d 649, the U.S. Fifth Circuit Court of Appeals vacated the conviction inasmuch as state law systematically excluded women from jury service at that time. Leichman v. Secretary, La. Dept. of Corrections, 939 F.2d 315 (5th Cir.1991).
Retrial, in February 1994, again resulted in a murder conviction. Once more, Leich-man received a sentence of life imprisonment at hard labor without benefit of probation, parole or suspension. He now appeals, complaining that the trial court denied a motion for change of venue, failed to remove the jury during an admissibility argument, and improperly granted a motion in limine. For the reasons herein expressed, we affirm.

Change of Venue

After ten of thirty-six potential jurors had been accepted, defendant moved to change venue, claiming that he could not obtain a fair and impartial trial due to the jury panel’s familiarity with the case. Rejecting these arguments, the district court denied the request.
A change of venue shall be granted when a defendant proves that, by reason of prejudice existing in the public mind, or for any other reason, a fair and impartial trial cannot be obtained in the parish where the prosecution is pending. LSA-C.Cr.P. Art. 622. The requisite proof, however, demands more than a mere showing of public knowledge of the facts surrounding the offense. State v. Plater, 26,252 (La.App. 2d Cir. 09/21/94), 643 So.2d 313, writ denied, 94-2806 (La. 02/02/95), 649 So.2d 402; State v. Griffin, 618 So.2d 680 (La.App. 2d Cir.1993), writ denied, 625 So.2d 1063 (La.1993). In seeking a change of venue, the defendant must prove the existence of such prejudice in the ^community’s collective mind that a fair trial is impossible. Id. The district judge has great discretion in granting or denying such a motion. Id.; State v. Henderson, 566 So.2d 1098 (La.App. 2d Cir.1990).
In the present matter, although a few members of the venire mentioned having seen television and newspaper reports of the upcoming trial, Leichman failed to demonstrate that any of this amounted to more than factual accounts. None of the potential jurors could remember specifics of the case, nor did voir dire reveal prior knowledge affecting any veniremember’s impartiality. Though some felt their verdict might be influenced, all but one attributed this to personal knowledge of, or friendship with, Leichman and his family. The other juror, having heard that defendant had already served over twenty years, viewed this as a sufficient term of imprisonment for whatever the accused may have done.
*358 Granted, the simple fact that a court succeeds in empaneling a jury does not necessarily reflect that the defendant has no grounds for a change of venue. See LSA-C.Cr.P. Art. 622, Official Revision Comment (b). Here, however, the voir dire shows only minimal familiarity with the case by some of the jurors, and they generally denied that their ability to judge fairly would be affected in any way. Thus, as Leichman failed to establish prejudice requiring a venue change, the trial court did not err in denying his motion.
Defendant, in his brief, now additionally argues that he could not obtain a fair trial because the victim had been a police officer. Of course, it is well settled that a new basis for an objection cannot be raised for the first time on appeal. State v. Walker, 26,026 (La.App. 2d Cir. 05/04/94), 637 So.2d 583, writ denied, 94-1369 (La. 09/30/94), 642 So.2d 868. Furthermore, our review discloses no evidence that any of the prospective jurors would judge defendant differently based on Neal’s employment.

Failure to Remove the Jury

When the state sought to introduce its exhibits into evidence, defense counsel announced an intent to object to “some of these documents” and requested that the jury be removed. Upon the trial judge asking the nature of the objection, the attorney responded, |a“Your Honor, we would note our objection to having to argue in the Jury’s presence. As to the firearm, Your Honor, -.” The court replied, “Well, if you gonna [sic] bring up something that has been patently clear. I guess go ahead and take the jury out.”
Leichman directs his second assignment of error at this delay in removing the jury. Although conceding that he does not know how these remarks affected the jurors, defendant contends that prejudice could have resulted when counsel objected to their very presence in the courtroom. It is similarly urged that, from the court’s comment, the jury could have imagined that the requested argument amounted only to a waste of time.
LSA-C.Cr.P. Art. 794 provides that the court may, and at the request of the state or a defendant shall, remove the jury from the courtroom when the court hears matters to be decided by the court alone. See also LSA-C.E. Art. 104(C). We are not persuaded, however, that the instant proceedings offended these provisions. The actual hearing, concerning the admissibility of the weapon found on defendant’s person after the murder, obviously occurred outside the jury’s presence. Nor does the jurisprudence reveal any prohibition against requesting that counsel state the basis for the objection within the hearing of the jury.
Defendant’s argument is purely speculative. He has failed to prove, and our review of the record does not reveal, any prejudice. Accordingly, this specification of error lacks merit. Cf. State v. Burleson, 516 So.2d 1159 (La.App. 4th Cir.1987), writ denied, 521 So.2d 1168 (La.1988) (holding hearing as to the competency of certain witnesses in front of the jury did not prejudice defendant); State v. Handley, 453 So.2d 1242 (La.App. 1st Cir. 1984), writ denied, 457 So.2d 1199 (La.1984) (reversible error not posed when the prosecutor made brief reference, in closing argument, to an outside hearing concerning the admissibility of a confession).

Motion in Limine

In an effort to prove self-defense, Leich-man planned to call a witness to testify that police officers beat and shot defendant without cause in 1958. Although admitting that none of the officials involved in that alleged incident (15 years before the homicide) had ^been present at the scene in 1973, Leich-man contended that the previous episode made him fearful of all Union Parish law enforcement personnel, and that the jury should have been allowed to consider this evidence of his state of mind. The trial court, concluding that the probative value of such testimony would be far outweighed by its prejudicial effect, sustained the state’s motion in limine to exclude all references to the 1958 incident. Leichman challenges that ruling in his final assignment of error.
Evidence is relevant if tending to show any fact of consequence to the determi *359 nation of the action. LSA-C.E. Art. 401. But evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. LSA-C.E. Art. 403. A trial judge is vested with wide discretion in determining relevancy, and his ruling will not be disturbed on appeal in the absence of abuse. State v. Plater, supra.
When a defendant attempts to prove self-defense, evidence of the victim’s dangerous character or threats against the accused are relevant to show the victim to be the aggressor and that the defendant reasonably apprehended the danger. State v. Gantt, 616 So.2d 1300 (La.App. 2d Cir.1993), writ denied, 623 So.2d 1302 (La.1993); State v. Ducre, 596 So.2d 1372 (La.App. 1st Cir. 1992), writ denied, 600 So.2d 637 (La.1992). Such evidence becomes admissible, however, only if the accused first substantiates that at the time of the incident the victim made a hostile demonstration or committed an overt act against the accused of such a character as would create in the mind of a reasonable prudent person a belief that he faced immediate danger of losing his life or suffering great bodily harm. Id.
Even if (despite his failure to do so) we assume arguendo that Leiehman proved such an overt act, the 1958 incident does not tend to prove that the victim, Jesse Neal, Jr., had a violent reputation. Indeed, the record fails to show that Neal actually served in law enforcement 15 years earlier.
In State v. Hartman, 388 So.2d 688 (La. 1980), the defendant sought to establish his state of mind and fear of the stabbing victim by showing the reputation of the bar where Isthe altercation occurred. The supreme court determined the reputation of the lounge had no bearing on the defendant’s self-defense claim and that the evidence had been properly excluded. Similarly, in State v. Freeman, 447 So.2d 1145 (La.App. 3d Cir. 1984), writ denied, 449 So.2d 1356 (La.1984), the district court properly disallowed, as irrelevant, evidence regarding alleged hostilities between the defendant’s neighborhood and the victim’s neighborhood.
Hence, in the case sub judice, Leichman’s state of mind regarding his victim could not be demonstrated through the unrelated acts of other individuals. Consequently, the trial judge did not abuse his discretion in excluding such evidence.

Errors Patent

Finally, we have reviewed the record for errors patent. LSA-C.Cr.P. Art. 930.8 provides that, at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post-conviction relief. Although the record does not show Leiehman being so advised, this apparent oversight is not grounds for' reversal. See LSA-C.Cr.P. Art. 921. Inasmuch as the required notice is designed to apprise the defendant in advance concerning the elapsing of the statutory time limitation, the district court is hereby directed to send appropriate written notice to Leiehman within ten days of the rendition of this opinion and then file, in the record, written proof that defendant received such notice.

Conclusion

Accordingly, for the foregoing reasons, defendant’s conviction and sentence are affirmed.
AFFIRMED.