IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-20499
Summary Calendar
_____

UNITED STATES OF AMERICA,

             Plaintiff-Appellee,

                          versus

ABSALON MURILLO-GAMBOA,

             Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-30-6
_____
March 1, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

       Absalon Murillo-Gamboa appeals his jury conviction and
sentence for conspiracy to possess with intent to distribute five
kilograms or more of cocaine and 50 grams or more of cocaine base
and aiding and abetting possession with intent to distribute five
kilograms or more of cocaine.

       Murillo-Gamboa argues that the district court erred in
admitting his in-court identification because the photograph array

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was impermissibly suggestive and because the witness saw Murillo-Gamboa outside the courtroom during the trial. Where the police have not preserved the photograph array used in a pretrial photographic line-up, as occurred here, this court presumes that the array is impermissibly suggestive.[1] However, because the totality of the circumstances demonstrates that the display did not pose a very substantial likelihood of irreparable misidentification, the admission of the identification was not error.[2] We also conclude that the fact that the witness saw Murillo-Gamboa outside of the courtroom was not impermissibly suggestive and did not create a substantial risk of misidentification.[3]

Murillo-Gamboa also argues that the transcripts of wiretap recordings with notes identifying the speakers should not have been admitted. The district court did not abuse its discretion in admitting these transcripts and the supporting testimony of an agent because the government satisfied the requirements of Federal Rule of Evidence 901(b)(5).[4]

---

[1] *United States v. Honer*, 225 F.3d 549, 552 (5th Cir. 2000).

[2] *See United States v. Burbridge*, 252 F.3d 775, 780 (5th Cir. 2001); *Honer*, 225 F.3d at 553-54.

[3] *See Thompson v. Miss.*, 914 F.2d 736, 739 (5th Cir. 1990).

[4] *See United States v. Lampton*, 158 F.3d 251, 259 (5th Cir. 1998).

Finally, Murillo-Gamboa argues that the district court erred in applying a three-level increase pursuant to U.S.S.G. § 3B1.1(b) because of his role as a manager or supervisor. Where the district court permissibly adopted the findings of the PSR in the absence of any rebuttal evidence offered at sentencing by Murillo-Gamboa,[5] we conclude that the district court did not clearly err in light of the evidence in the record that, *inter alia*, Murillo-Gamboa directed others to transport the cocaine in a transaction involving at least five participants.[6]

AFFIRMED.

---

[5] *See United States v. Davis*, 226 F.3d 346, 360 (5th Cir. 2000), *cert. denied*, 531 U.S. 1181 (2001).

[6] *See United States v. Miranda*, 248 F.3d 434, 447 (5th Cir.), *cert. denied*, 122 S. Ct. 410 (2001), *and cert. denied*, 122 S. Ct. 823 (2002); *United States v. Sylvester*, 143 F.3d 923, 931 (5th Cir. 1998).