621 So.2d 94 (1993)
STATE of Louisiana, Appellee,
v.
Gary L. McCRAY, Appellant.
No. 25071-KA.
Court of Appeal of Louisiana, Second Circuit.
June 23, 1993.
*95 Indigent Defender Office, by Richard E. Hiller, John M. Lawrence, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Hugo A. Holland, Tommy J. Johnson, Asst. Dist. Atty., Shreveport, for appellee.
Before SEXTON, HIGHTOWER and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant, Gary L. McCray, was charged by bill of information with attempted second degree murder, a violation of LSA-R.S. 14:27 and 14:30.1. Following a jury trial, he was convicted as charged and sentenced to imprisonment at hard labor for forty years. The defendant appeals, asserting the trial court erred in *96 denying his motion for post verdict judgment of acquittal and motion for a new trial. Defendant also contends his sentence is excessive. For the reasons assigned below, we affirm the defendant's conviction, vacate his sentence and remand the matter for resentencing.

FACTS
Defendant and the victim, Patricia Glass, lived together for five years before their relationship ended in 1983. On February 2, 1985, defendant went to Glass' home, after seeing her earlier in the week. Although defendant had a .25 caliber pistol in his possession, he was invited into the house. He went into one of the bedrooms and left his gun there but kept the clip. Defendant returned to the living room and began talking with Glass about their relationship. When Glass told him that she did not love him any more, defendant hit Glass on her head several times with the clip. After Glass' brother and sister stopped the defendant, he went to the bedroom, retrieved his gun and inserted the clip. He returned to the living room and hit Glass on her head with the gun several times while stating, "Well, I tell you what, bitch, if I can't have you, can't nobody have you." Defendant then stepped back, aimed the gun at Glass and fired. Glass' brother, George Williams, grabbed defendant's hand causing the bullet to go through the ceiling. Defendant then fired a second time. The bullet struck Glass in the abdomen. Defendant fled the scene. He eluded the police until 1991, when he was arrested in Arizona for the attempted murder of Patricia Glass.

DISCUSSION

Sufficiency of Evidence
Defendant argues the trial court erred in denying his post verdict judgment of acquittal and motion for a new trial because the evidence supported a verdict of attempted manslaughter rather than the verdict of attempted second degree murder.
LSA-C.Cr.P. Art. 851(1) provides that the court shall grant a motion for a new trial whenever the verdict is contrary to the law and the evidence. Under this article, the trial judge has wide discretion to determine the weight of the evidence. The refusal to grant such a motion is not subject to appellate review. State v. Combs, 600 So.2d 751 (La.App. 2d Cir.1992), writ denied, 604 So.2d 973 (La.1992); LSA-C.Cr.P. Art. 858.
LSA-C.Cr.P. Art. 821 B provides that a motion for post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty. This is a question of legal sufficiency. State v. Combs, supra.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of the evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La. App. 2d Cir.1988).
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. LSA-La. Const., Art. 5, § 5(C); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to *97 a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La. 1987).
Defendant argues the state failed to prove the element of specific intent, which is necessary to sustain a conviction of attempted second degree murder. He contends the state failed to prove specific intent because Glass' and Williams' testimony conflicted with the testimony of their sister Bessie Glass. However, in the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a factual conclusion. State v. Braswell, 605 So.2d 702 (La.App. 2d Cir.1992). Moreover, we find no contradictory testimony which would have changed the verdict in this case.
Specific intent is that state of mind that exists when the circumstances indicate the offender actively desired the prescribed criminal consequences to follow his act. State v. Lindsey, 543 So.2d 886 (La.1989), cert. denied, 494 U.S. 1074, 110 S.Ct. 1796, 108 L.Ed.2d 798 (1990); LSA-R.S. 14:10(1).
The evidence, viewed in the light most favorable to the prosecution, shows defendant armed himself with a deadly weapon and went to the victim's home. The victim's family stopped the altercation that began between her and the defendant after she told him that she did not love him anymore. Defendant left the room where he and the victim had been fighting, returned with the weapon and loaded it. Defendant stated that if he could not have the victim, then no one else would. Finally, after his first shot was redirected by the victim's brother, defendant fired at her a second time. A rational trier of fact could find that the prosecution proved beyond a reasonable doubt that the defendant had the specific intent to kill the victim.
Defendant next contends the post verdict judgment of acquittal should have been granted and a verdict of manslaughter should have been entered because the evidence shows that he was provoked into shooting the victim.
LSA-R.S. 14:31 A(1) defines the crime of manslaughter as:
A homicide which would be murder under either Article 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed.
"Sudden passion" or "heat of blood" immediately caused by provocation sufficient to deprive an average person of his self control and cool reflection are not elements of the crime of manslaughter. They are mitigatory facts in the nature of a defense that exhibit a degree of culpability less than that present when homicide is committed without them. State v. Lombard, 486 So.2d 106 (La.1986); State v. Ruff, 504 So.2d 72 (La.App. 2d Cir.1987). Therefore, a defendant who establishes by a preponderance of the evidence that he acted in a "sudden passion" or "heat of blood" is entitled to a manslaughter verdict. Where such proof is sufficient, a second degree murder verdict is inappropriate. State v. Lombard, supra; State v. Ruff, supra.
Defendant claims he acted out of anger and pain when Glass told him that she did not love him anymore. However, defendant went to the victim's home armed with a gun, which suggests premeditation. Further, despite repeated attempts by members of the victim's family to stop him, defendant beat and subsequently shot the victim. Further, defendant had ample time to reflect on his actions because he went into another room of the house to retrieve his gun. Under the facts of this case, a rational trier of fact could have reasonably concluded that the termination of the relationship was not sufficient provocation to deprive a reasonable man of self control to *98 the extent that he would attempt to commit a homicide.
Viewing the evidence in the light most favorable to the prosecution, we find that the state carried its burden of proving that the defendant was guilty of attempted second degree murder. This assignment is without merit.

Excessive Sentence
Defendant's sentence was imposed on November 13, 1992. LSA-C.Cr.P. Art. 881.1 became effective January 31, 1992, and is applicable to defendant's sentence. This article precludes the state or defendant from raising an objection to the sentence on appeal or review or from urging any grounds not previously raised in a motion to reconsider sentence.
Defendant timely filed a motion for reconsideration of the sentence arguing that the trial court imposed a sentence that exceeds the sentence range recommended by the sentencing guidelines. Under the Louisiana Sentencing Guidelines, the maximum recommended sentence for the defendant under grid cell 1-A is 360 months in prison. The trial court, however, imposed a sentence of 480 months for this fourth-felony offender. Defendant contends the trial court failed to consider the following mitigating circumstances: he refrained from criminal activity during the seven years proceeding his arrest; his conduct occurred while he was younger and immature; and defendant's conduct was the result of sudden passion or heat of blood following his rejection by the victim and a heated argument.
The record clearly negates the mitigating factors urged by the defendant. In arguing that he refrained from criminal conduct during the seven years preceding his 1991 arrest for the instant offense, defendant disregards the fact that he fled the scene after the shooting in 1985 and remained at large until he was arrested in 1991. Further, we have agreed with the jury's determination that the shooting by this defendant was neither justified nor committed in "sudden passion" or "heat of blood" as set forth in the statute defining the crime of manslaughter.
The Louisiana Felony Sentencing Guidelines are advisory, not mandatory. LSA-R.S. 15:326. A sentence shall not be declared unlawful or excessive solely because the sentence does not conform to the designated range in the guidelines grid. LSA-R.S. 15:328; LSA-C.Cr.P. Art. 894.1; La.S.G. § 103J. Upward departures from the designated sentence range of the guideline grid should be made when one or more aggravating circumstances significantly differentiate the particular case from the "typical." La.S.G. § 209(A)3. Section 209(B) defines and lists the aggravating circumstances. If the trial court finds one or more aggravating circumstances, then the grid range for the "typical case" is inapplicable and the trial court must exercise its reasoned discretion in determining the appropriate sentence. State v. Strother, 606 So.2d 891 (La.App. 2d Cir.1992). The sentencing court must state for the record the reasons for departing from the guidelines, which shall specify the mitigating or aggravating circumstances and the factual basis therefore. La.S.G. § 209(A)(4)(b); State v. Perow, 607 So.2d 888 (La.App. 2d Cir.1992).
In the instant case, the trial court failed to articulate any aggravating circumstances as required by the sentencing guidelines. Rather, the court read off a list of factors from the prior Art. 894.1. The court made no statement of an "aggravating factor" and it failed to state any factual bases for its conclusions.
When the record shows the trial court did not properly consider the Felony Sentencing Guidelines, we are required to vacate the defendant's sentence and remand the case for resentencing. State v. Tracey, 612 So.2d 984 (La.App. 2d Cir.1993); State v. Brown, 616 So.2d 792 (La.App. 2d Cir. 1993).

Error Patent
We have examined the record for error patent, LSA-C.Cr.P. Art. 920(2), and found none.

*99 CONCLUSION
The evidence supports defendant's conviction for attempted second degree murder, and therefore, his conviction is affirmed. Although the trial court listed factors from the former LSA-C.Cr.P. Art. 894.1, it did not articulate aggravating factors as required by the sentencing guidelines or properly consider the guidelines in arriving at its sentence. Therefore, the sentence must be vacated and the case remanded for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.
HIGHTOWER, J., concurs with written reasons.
HIGHTOWER, Judge, concurring.
I concur, but would add the observation that, even absent aggravating or mitigating factors, a sentence that does not conform with the guidelines may be imposed when the trial judge feels strongly that sanctions within the designated guidelines range will not do justice in the case. In such instances, however, the court should set forth reasons for that conclusion, including the factual basis for the sentence, after first demonstrating that the promulgated guidelines, not simply the grid, have been fully and carefully considered. See LSA-C.Cr.P. Art. 894.1.