641 So.2d 1086 (1994)
STATE of Louisiana, Appellee,
v.
Orland D. STEWART, Appellant.
No. 26168-KA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1994.
*1087 Kurt J. Goins, Asst. Indigent Defender, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Ronald R. Inderbitzen, Asst. Dist. Atty., Shreveport, for appellee.
Before HIGHTOWER, VICTORY and WILLIAMS, JJ.
WILLIAMS, Judge.
The defendant, Orland D. Stewart, was indicted by a grand jury for the second degree murder of Darlene Johnson and the attempted second degree murder of Stephanie Proctor. After a jury trial, the defendant was found guilty of second degree murder, a violation of LSA-R.S. 14:30.1 and aggravated battery, a violation of LSA-R.S. 14:34. He was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence for the second degree murder, which is to be served concurrently with a two-year hard labor sentence for the aggravated battery conviction.
On appeal, defendant relies on four assignments of error to obtain a reversal of his *1088 convictions and sentences. Finding no merit to any of the assignments, we affirm.

FACTS
On November 10, 1992, the defendant returned to Shreveport, Louisiana, from Phoenix, Arizona, where he had been living and working. He visited Stephanie Proctor, with whom he previously had a relationship. Proctor and the defendant had one daughter named Cree. During the earlier part of the day, defendant drove Proctor and her two oldest children to a shopping mall.
Afterwards, defendant left the home where Proctor lived with her grandmother, Ms. Darlene Johnson, and returned later that evening to find Proctor with Norris Frazier, her current boyfriend. No altercation resulted at this point, but Ms. Johnson would not allow the defendant to enter the house. Proctor went outside and spoke with the defendant. He then left the house.
Approximately thirty minutes later, the defendant returned to the house and knocked on the door. Ms. Johnson answered the door, but she again refused to allow the defendant to come inside. When the defendant was leaving, Frazier decided to go outside to talk with him in an attempt to make peace. Proctor warned Frazier not to go outside but the defendant told her to let Frazier come outside to talk. When Frazier attempted to shake the defendant's hand, the defendant pulled a knife from his pants and attempted to stab Frazier. Unable to catch the fleeing Frazier, the defendant ran up to Proctor, who was standing on the front porch, and stabbed her on the arm.
In response to the defendant's attack, Proctor ran inside the house and locked the front door. The defendant smashed the door open, breaking its glass and sustaining cuts to his face and arm. He chased Proctor through the house with the knife drawn, but she was able to escape through the back door. The defendant then confronted Ms. Johnson and stabbed her several times. As the defendant left the scene, he punctured two of the tires on Frazier's car and broke one of its windows. An emergency unit took Ms. Johnson to a nearby hospital where she was pronounced dead on arrival. Shortly thereafter, law enforcement officers located the defendant at a relative's residence and took him into custody.

DISCUSSION
ASSIGNMENTS OF ERROR NOS. 1 and 3(A):
By these assignments, the defendant contends the trial court erred in finding that Keoni King, the four-year-old daughter of Stephanie Proctor, was competent to testify. He also contends that because of this erroneous ruling, the trial court should have granted his motion for a new trial. In sum, the defendant argues that the totality of the child's testimony did not meet the "proper understanding test" set forth in LSA-C.E. Art. 601; State v. Foy, 439 So.2d 433 (La. 1983); State v. Bennett, 591 So.2d 1193 (La. App. 1st Cir.1991), writ denied, 594 So.2d 1315 (La.1992); and State v. Bean, 582 So.2d 947 (La.App. 2d Cir.1991), writ denied, 586 So.2d 567 (La.1991).
Every person of proper understanding is competent to be a witness except as otherwise provided by legislation. LSA-C.E. Art. 601. The competency of a person to be a witness is a question of law to be determined by the trial court and not a factual matter for the jury to decide. LSA-C.E. Art. 104(A); State v. Peters, 441 So.2d 403 (La.App. 4th Cir.1983).
Proper understanding, not age, is the single general test of witness competency. LSA-C.E. Art. 601, Comment (b); State v. Bean, supra. The previous rules set forth in LSA-R.S. 15:469 for determining the competency of witnesses under 12 years of age were abandoned with the passage of the Code of Evidence. See LSA-C.E. Art. 601, Comment (d).
A child's sometimes hesitant or unresponsive answers do not necessarily indicate incompetency. State v. Humphrey, 412 So.2d 507 (La.1982); State v. Sampson, 480 So.2d 952 (La.App. 2d Cir.1985). Instead, such actions may be a part of the child's overall demeanor caused by the child being simply unfamiliar with the courtroom experience. *1089 State v. Sharp, 338 So.2d 654 (La. 1976); State v. Sampson, supra.
Great deference is to be given to a trial court's determination of competency because of its opportunity to observe the witness. Such a determination is not to be overturned unless manifest error is shown. State v. Crandell, 604 So.2d 123 (La.App. 2d Cir.1993); State v. Bean, supra.
After reviewing the record, we find no manifest error in the trial court's decision to allow this witness to testify. Out of the presence of the jury, counsel for the state and the defense and the trial judge examined the witness to determine her competency to testify. At the conclusion of the predicate, the trial court ruled that although the child had been uncomfortable and afraid during her testimony the day before, her demeanor and answers indicated she was somewhat more relaxed and could answer counsels' questions. Defense counsel objected to this ruling stating that he felt the child was "borderline on [the issue of] competence."
It is obvious that the witness was timid and confused by the courtroom proceeding. However, the child indicated that she understood the difference between the truth and a lie. She seemed to have the intelligence that one of a similar age and under similar circumstances would possess.
We also agree with the trial court's ruling on the defendant's motion for a new trial. Assuming arguendo that the witness' testimony was improperly admitted, the trial court was correct in concluding that this witness' testimony was merely corroborative and cumulative in nature. The record reflects that prior to the child's testimony, both Roy Clay and Norris Frazier testified the child had informed them immediately after the offense that she had seen the defendant stab the victim. Moreover, the defendant did not contest the fact that he had stabbed the victim. His entire defense was that he acted with "sudden passion" or "heat of blood" such as to reduce the offense from second degree murder to manslaughter. Accordingly, in light of the cumulative nature of the witness' testimony, we find no reversible error in the trial court's ruling on the competency of the witness or on the defendant's subsequent motion for a new trial based on this ground.
These assignments lack merit.

ASSIGNMENTS OF ERROR NOS. 2 and 3(B):
By these assignments, the defendant challenges as error the trial court's denial of his motion for a new trial and post-verdict motion for modification of verdict because the evidence supported a verdict of manslaughter rather than a verdict of second degree murder.
The refusal to grant a motion for new trial based on the ground that the verdict is contrary to the law and the evidence is not subject to appellate review. LSA-C.Cr.P. Art. 858; State v. Bartley, 329 So.2d 431 (La.1976); State v. Combs, 600 So.2d 751 (La.App. 2d Cir.1993), writ denied, 604 So.2d 973 (La.1993).
LSA-C.Cr.P. Art. 821(B) provides that a motion for post-verdict judgment of acquittal, or modification of verdict, shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty. This is a question of legal sufficiency. State v. Combs, supra.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that *1090 evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988).
LSA-R.S. 14:31(A)(1) states in pertinent part:
A homicide which would be murder under... Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection. Provocation shall not reduce a homicide to manslaughter if the jury finds that the offender's blood had actually cooled, or that an average person's blood would have cooled, at the time the offense was committed.
"Sudden passion" or "heat of blood" are not elements of the crime of manslaughter; rather, they are mitigatory facts in the nature of a defense which exhibit a degree of culpability less than that present when the homicide is committed without them. State v. Lombard, 486 So.2d 106 (La.1986); State v. Ruff, 504 So.2d 72 (La.App. 2d Cir.1987), writ denied, 508 So.2d 64 (La.1987). Therefore, a defendant who establishes by a preponderance of the evidence that he acted in "sudden passion" or "heat of blood" is entitled to a manslaughter verdict. Where such proof is sufficient, a second degree murder verdict is inappropriate. State v. Lombard, supra; State v. McCray, 621 So.2d 94 (La. App. 2d Cir.1993).
The defendant claims he acted in anger and jealousy triggered by Proctor's apparent rejection. In support of this claim, the defendant points to his statement or "mumbling," made shortly after his arrest, as indicative of his true feelings: "If she would have only told me she didn't want me, none of this would have happened." Defendant argues this spontaneous, unsolicited utterance, when coupled with his rendezvous with Proctor and the two children at the mall that day, undermines any claim that his relationship with Proctor was over.
The defendant admits it may be argued that he had time to "cool off" during the 30-35 minute interval between his second and third visits. However, he argues the true provocation was Frazier's approach to shake the defendant's hand as the defendant was withdrawing from any conflict by leaving the premises. The defendant asserts that Frazier's act of following him to the gate and attempting to shake his hands ignited his anger and was the final link in a chain of events, which resulted in a rage or frenzy that would place this killing squarely within the "sudden passion" category. Defendant submits that his initial pursuit of Frazier, his smashing his way into the house despite his own cuts from the glass, and the damage to Frazier's car are further evidence of his rage, frenzy or "sudden passion." Apparently, the defendant also argues that the victim's act of twice refusing him entry into the home, coupled with the above events, was sufficient provocation to deprive him of his self-control.
Contrary to defendant's assertions, the record shows that the defendant not only knew that Proctor was dating Frazier, but he also knew that Frazier was at Proctor's home when he returned for the third time. On his third visit, defendant was armed with a knife which was described as a "butcher knife," rather than a pocket knife ordinarily carried on the person. He had ample time to reflect on the termination of the relationship, Proctor's new relationship with Frazier, and his banishment from the Johnson home before he returned to the scene for the final time.
Provocation for killing is a question of fact for the jury. State v. Knowles, 598 So.2d 430 (La.App. 2d Cir.1992). The verdict of guilty of second degree murder in this case reflects that the jury concluded the events of the day, culminating with Frazier's attempt to shake defendant's hand, were not provocation sufficient to deprive an average person of his self-control and cool reflection.
Under the facts of this case, a rational trier of fact could have concluded that the developments of the day were not provocation sufficient to deprive an average person of his self-control to the extent he would commit a homicide. Accordingly, the trial *1091 court did not err in its denial of the post-verdict motion for modification of verdict.
These assignments lack merit.
ASSIGNMENT OF ERROR NO. 4:
By this assignment the defendant requests this Court to review the record for error patent. We have reviewed the record and have found none.

CONCLUSION
For the reasons assigned, defendant's convictions and sentences are affirmed.
AFFIRMED.