647 So.2d 437 (1994)
STATE of Louisiana, Appellee,
v.
Michael D. MARTIN, Appellant.
No. 26501-KA.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1994.
*438 Terri Lynn Bush, Indigent Defender Bd., for appellant.
Richard Ieyoub, Atty. Gen., James M. Bullers, Dist. Atty., David Griffith, Asst. Dist. Atty., for appellee.
Before LINDSAY, VICTORY and BROWN, JJ.
BROWN, Judge.
Defendant, Michael D. Martin, was convicted of simple burglary and sentenced to one year at hard labor. On appeal, defendant challenges the jury's decision, claiming the evidence was insufficient to support the verdict. We affirm.

FACTS
On November 26, 1991, Jessie and Donnie Darby visited their rental properties on Fullilove Street in Bossier City, Louisiana. The Darbys owned two houses on adjoining lots. The house at 1121 Fullilove was unoccupied and used by the Darbys to store furniture and appliances. The adjacent house at 1123 Fullilove was leased to Pamela Martin. As they entered the driveway separating the two properties, Mrs. Darby observed defendant leaving the unoccupied house carrying a gas heater. Upon seeing the Darbys, defendant dropped the heater and ran into the house leased to Ms. Martin.
Mrs. Darby recognized the heater as belonging to her and called the police. At the scene, officers discovered that the door of the unoccupied house had been forcibly opened and the contents of the house disturbed. When officers summoned defendant from Ms. Martin's house, he emerged cursing and belligerent. Mrs. Darby identified defendant as having taken her heater. The police attempted to make an arrest, but were overpowered by defendant. Defendant escaped and was not apprehended until January 1992.
At trial Mrs. Darby identified defendant as the person she saw exiting the house at 1121 Fullilove carrying her heater. Bossier City Police Officer R.W. Brown testified concerning defendant's behavior at the crime scene, his belligerence with officers attempting to perform their duty and his flight from arrest. Pamela Martin, defendant's sister, testified for the defense. She stated that during the night of November 25, 1991, she heard the sound of cracking or snapping wood. The next day, she awoke to find a gas heater in her yard. When defendant came by to visit, she asked him to return the heater to the house next door. Ms. Martin claimed that the Darbys arrived while defendant was attempting to return the heater. Defendant testified last, basically reiterating the testimony of his sister. A jury found defendant guilty of simple burglary. Defendant appeals, arguing that the verdict was founded on insufficient evidence and was contrary to the law and the evidence.

DISCUSSION
In his assignment of error, defendant directly challenges the jury's assessment of the evidence and contends that the verdict was contrary to the law and the evidence. This assertion is properly raised in a motion for new trial. LSA-C.Cr.P. Art. 851(1); State v. Thomas, 609 So.2d 1078 (La.App. 2d Cir. 1992), writ denied, 617 So.2d 905 (La.1993); State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). Defendant did not move for a new trial but argues this claim for the first time on appeal. In brief defendant also challenges *439 the sufficiency of the evidence supporting the conviction.
The preferable procedural vehicle for raising the issue of sufficiency of the evidence is a motion in the trial court for a post-verdict judgment of acquittal. LSA-C.Cr.P. Art. 821. Defendant did not present the sufficiency issue to the trial court, but raises it on appeal by arguing that the evidence does not prove all of the elements of the crime of simple burglary. Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992). The standard enunciated in Jackson and legislatively embodied in LSA-C.Cr.P. Art. 821 is applicable in cases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La.1983); State v. Thomas, supra; State v. Willis, 446 So.2d 795 (La.App. 2d Cir.1984).
Simple burglary is defined in part as the unauthorized entering of any dwelling or other structure with the intent to commit a felony or any theft therein. LSA-R.S. 14:62. Defendant contends that the state failed to prove, by direct evidence, the unauthorized entry element of this crime. Defendant asserts that the testimony of Mrs. Darby merely placed him in the driveway between the two houses while in possession of the stolen heater, thus providing only circumstantial evidence that he had ever been in the house. According to defendant, any conclusion that he made an unauthorized entry to the house at 1121 Fullilove is the result of a faulty inference drawn from this circumstantial evidence. Defendant further asserts that the circumstantial evidence presented by the state does not exclude his hypothesis of innocence and is thus insufficient to support a conviction.
Under the Jackson review standard a rational juror could have found beyond a reasonable doubt that defendant did enter the house without authorization. Defendant's location, possession of the stolen property, flight, belligerent attitude when asked to come out of his sister's house by police officers and escape all support the jury's conclusion. Our decision does not depend on the classification of the evidence as direct or circumstantial; however, the jury could have found that there was direct evidence of the unauthorized entry.
The only testimony presented at trial concerning the precise placement of defendant at the crime scene came from Mrs. Darby. When asked to describe what she saw when she arrived at the Fullilove addresses on the date of the incident, Mrs. Darby stated, "[w]hen we drove up there, on the driveway there, Michael was coming out of the house from the left where I had some furniture and stuff stored ..." Asked to describe for the jury the first time she saw defendant, Mrs. Darby stated, "[t]he first time I seen (sic) him that day he was coming out of the house... with the heater in his arms ..." When asked to clarify which house he was coming out of, Mrs. Darby stated the following: "[h]e was coming out 1121. That's where themy furniture and stuff was stored, to 1123 where his sister was living." (Emphasis added.)
On cross examination, Mrs. Darby was asked, "are you saying that you pulled up and you saw Michael Martin crossing between the houses with the heater?" In response, she answered simply, "yes." From this single exchange, defendant would have us conclude that Mrs. Darby never actually saw defendant exit the house at 1121 Fullilove, thereby eliminating the only direct evidence of an essential element of the crime of simple burglary.
This court's authority to review questions of fact in a criminal case is limited to an evaluation of the sufficiency of the evidence under Jackson, supra, and does not extend to credibility determinations made by the trier of fact. LSA-Const., Art. 5, Sec. 5(C); State v. McCray, 621 So.2d 94 (La.App. 2d Cir.1993). The assessment of credibility and resolution of conflicting testimony remains a function to be exercised by the trier of fact. *440 State v. Klar, 400 So.2d 610 (La.1981); State v. Thomas, supra; State v. Bonnett, 524 So.2d 932 (La.App. 2d Cir.1988), writ denied, 532 So.2d 148 (La.1988). Where the trier of fact has made a rational determination, an appellate court should not disturb it. State v. Mussall, 523 So.2d 1305 (La.1988); State v. Thomas, supra; State v. Combs, 600 So.2d 751 (La.App. 2d Cir.1992), writ denied, 604 So.2d 973 (La.1992). In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the fact-trier, is sufficient to support the requisite factual conclusion. State v. Thomas, supra; State v. Reaves, 569 So.2d 650 (La.App. 2d Cir.1990), writ denied, 576 So.2d 25 (La.1991); State v. Shepherd, 566 So.2d 1127 (La.App. 2d Cir. 1990).
Mrs. Darby testified clearly on at least three occasions that she saw defendant come out of the vacant house on Fullilove. The jury witnessed the single exchange on cross-examination to which defendant alludes and made its own determinations of credibility and veracity. The jury could have reasonably concluded either that Mrs. Darby witnessed defendant exiting the house at 1121 Fullilove carrying the stolen heater or had just left the house when the Darbys appeared. Whether considered direct or circumstantial evidence, a rational trier of fact could have found all essential elements of the crime proven beyond a reasonable doubt. Defendant's sufficiency of the evidence argument thus has no merit. For the same reasons, the jury's verdict is not contrary to the law and evidence.

CONCLUSION
Accordingly, defendant's conviction is AFFIRMED.