**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**MATAIO VAAI, Defendant.**

High Court of American Samoa
Trial Division

CR No. 12-02

September 6, 2002

Before RICHMOND, Associate Justice, LOGOAI, Chief Associate Judge, and MAMEA, Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
For Defendant, Curtis E. Sherwood and Bentley C. Adams III, Assistant Public Defenders

### ORDER DENYING MOTION FOR
### RECONSIDERATION OR NEW TRIAL

On May 14, 2002, the jury in this action convicted defendant Mataio Vaai ("Vaai") of three counts of child molesting, in violation of A.S.C.A. § 46.3618, each a class A felony punishable by a minimum term of imprisonment of 10 years, without probation or parole. On June 14, 2002, the Court adjudicated Vaai guilty of the three offenses and sentenced him to 10 years' imprisonment on each count, the counts 2 and 3 terms of imprisonment to be served concurrently with each other and consecutively to the count 1 term of imprisonment.

Vaai moved for reconsideration or new trial on June 24, 2002. The Court heard the motion on July 18, 2002. Vaai was present with counsel.

222

Plaintiff American Samoa Government's counsel was also present. The Court, having considered counsel's argument, will deny the motion, with the following comments on two of the issues raised by the motion.

## Discussion

### A. Admissibility of the Child Witness Testimony

The victim was eight years of age when she testified at the trial about events that occurred when she was five years of age and again when she was seven. Vaai now claims that the victim was incompetent because of certain flaws in her testimony.

Generally, "[e]very person is competent to be a witness." T.C.R.Ev. 601. This rule raises a presumption of competence that, nonetheless, can be rebutted. Vaai tried doing so at trial, and we held a voir dire to determine whether the child could testify.[1] When determining a child's competency, there is no precise cut-off age. Instead, we determine whether the child has:

> (1) an understanding of the obligation to speak the truth on the witness stand; (2) the mental capacity at the time of the occurrence concerning which he is to testify to receive an accurate impression of it; (3) a memory sufficient to retain an independent recollection of the occurrence; (4) the capacity to express in words his memory of the occurrence; and (5) the capacity to understand simple questions about it.

*Jenkins v. Snohomish County Pub. Util.*, 713 P.2d 79, 81 (Wash. 1986). This determination is a matter of law, for the trial judge, and will not be disturbed unless it is clear the judge abused his discretion. *See State v. Stewart*, 641 So.2d 1086, 1089 (La. Ct. App. 1994). After reviewing the record, we affirm that our ruling was proper. Inconsistencies in the child's testimony do not speak to the child's competency but, instead, go to her credibility. *See Feleke v. State*, 620 A.2d 222, 226 (Del. 1993); *Hesler v. State*, 431 S.E.2d 139, 140 (Ga. Ct. App. 1993); *People v. Dist. Court*, 791 P.2d 682, 685 (Colo. 1990) (under state statute, child need not be able to understand what it means to take an oath and tell the truth to be declared competent). Matters of credibility, of course, are within the exclusive function of the jury. *Am. Samoa Gov't v. Tauala*, 25 A.S.R.2d 179, 180 (Trial Div. 1994).

---

[1] A second child witness, age nine, testified during the trial. Vaai is not challenging this witness' competency in his present motion. However, we note that we followed the same voir dire procedure and found this child was also competent to testify under the applicable standards.

223

## B. Jury Instruction on Sexual Abuse in the First Degree

At trial, Vaai requested an instruction on sexual abuse in the first degree as a lesser-included offense of child molesting. We refused to give such an instruction. Vaai now claims that it was reversible error.[2] Vaai's contention, however, hinges on his argument that we should infer that the crime of child molestation implicitly requires an intent to gratify sexual desire.[3] That language, in turn, comes from the statutory definition of "sexual contact."[4] Sexual abuse in the first and second degree are the only offenses to date that include sexual contact as an element.[5]

Vaai's argument is illogical. Were we to infer such an intent, sexual abuse in the first degree would still not be a lesser-included offense of

---

[2] Indeed, a "Court has no discretion to refuse to give a lesser-included instruction if the evidence warrants the instruction and the defendant requests it." *United States v. Baker*, 985 F.2d 1248, 1259 (4th Cir. 1993). *See also* A.S.C.A. § 46.3108.

[3] That language is not found within the statute, A.S.C.A. § 46.3618, which reads:

> 46.3618 Child molesting
> (a) Notwithstanding any other provision of this chapter, a person commits the crime of child molesting if he engages in sexual intercourse or deviate sexual intercourse with a minor of the age of 12 years or under.

[4] The statute, A.S.C.A. § 46.4601, reads:

> 46.4601 Definitions:
> (b) "Sexual contact" means any touching of the genitals or anus of any person, or the breast of any female person, or any such touching through the clothing, *for the purpose of arousing or gratifying sexual desire of any person.*

(emphasis added).

[5] The statutes, A.S.C.A. §§ 46.3615 and 46.2616, read:

> § 46.3615 Sexual abuse in the first degree.
> (a) A person commits the crime of sexual abuse in the first degree if:
> > (1) he subjects another person to whom he is not married to *sexual contact* without that person's consent or by the use of forcible compulsion; or
> > (2) he subjects another person who is 14 years of age or less to *sexual contact.*
> § 46.3616 Sexual Abuse in the second degree.
> (a) A person commits the crime of sexual abuse in the second degree if he subjects another person to whom he is not married to *sexual contact* without that person's consent.

(emphasis added).

child molestation. A lesser-included offense is one whose elements are a subset of the charged offense. *See Schmuck v. United States*, 489 U.S. 705, 716 (1989); A.S.C.A. § 46.3108. Under Vaai's argument, sexual abuse in the first degree would not be a subset but, rather, it would be an independent offense with its own penalty provision. Granted, there would be substantial overlap between the two statutes; but we have upheld such overlap in the past. *See generally Am. Samoa Gov't v. Whitney*, 20 A.S.R.2d 29 (Trial Div. 1991) (finding that the sodomy, A.S.C.A. § 46.3611, and deviate sexual assault, A.S.C.A. § 46.3612, statutes did not violate due process even though they both punished identical conduct); *Am. Samoa Gov't v. Macomber*, 8 A.S.R.2d 182 (Trial Div. 1988); *see also United States v. Stanley*, 928 F.2d 575, 581 (2d Cir. 1991) (government can choose between different statutory penalty schemes applicable to the same conduct).

■ In such a situation, when "there are overlapping statutes providing different penalties . . . no lesser offense instruction need be given." 26 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 631.10(4)(c) (3rd ed. 1999) (citing *Sansone v. United States*, 380 U.S. 343, 351-353 (1965)); *see also Schmuck*, 489 U.S. at 716 n.8 (lesser included offense instruction only given if facts of case allow jury to find defendant guilty of lesser included offense but acquit him of the greater). "To hold otherwise would invite the jury to pick between the two offenses in order to determine the punishment to be imposed, a duty traditionally left to the judge." 3 CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE § 515 (1982).

■ Nonetheless, in any event, we will not infer such an intent requirement in the face of legislative clarity. *See Whitney*, 20 A.S.R.2d at 32 (no ambiguity in statutory language of very similarly worded criminal provisions). "When some statutory provisions expressly mention a requirement, the omission of that requirement from other statutory provisions implies that Congress intended both the inclusion of the requirement and the exclusion of the requirement." *West Coast Truck Lines v. Arcata Comm, Recycling*, 846 F.2d 1239, 1244 (9th Cir. 1988) (emphasis in original). Clearly the Legislature intended the exclusion of "sexual contact" as an element of child molesting as evidenced by their inclusion of "sexual contact" as an element of other offenses. *See Am. Samoa Gov't v. Masaniai*, 4 A.S.R.2d 156, 159 (Trial Div. 1989) (refusing to infer intent to sexually gratify into sodomy statute, A.S.C.A. § 46.3611). The language also reflects a rational decision to not punish "sexual contact" of a child under 12 as severely as "deviate sexual intercourse" or "sexual intercourse" with a child under 12.

Additionally, we find no merit to Vaai's argument that without the element of "sexual contact," the child molestation statute is

unconstitutionally broad. Vaai argues that it will lead to prosecutions of parents who, for any reason, touch the genitals of their child while exercising their constitutionally protected right of caring for that child. This rhetoric sweeps too broadly. Child molesting is limited to situations where an adult engages in "deviate sexual intercourse" or "sexual intercourse" with a minor of 12 years or under. Deviate sexual intercourse is defined as any *"sexual act* involving the genitals of one person and the mouth, tongue, hand, or anus of another person." A.S.C.A, § 46.3601 (emphasis added). Sexual Intercourse is defined as "any penetration, however slight, of the female sex organ by the male sex organ, whether or not an emission results." *Id.* Clearly these definitions do not apply, for example, when a parent changes his child's diaper or when a doctor performs a gynecological examination. *See Masaniai*, 4 A.S.R.2d at 159. Indeed, they would never apply to ordinary, everyday parent/child or doctor/child interactions.

The motion for reconsideration or new trial is denied.

It is so ordered.